UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DALE ALLEN,

    **Plaintiff,**

    v.

                                  Civil Action 2:16-cv-1178
                                  Judge George C. Smith
                                  Magistrate Judge Elizabeth P. Deavers

NATIONWIDE MUTUAL INSURANCE, *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, John Dale Allen, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Defendants, Nationwide Mutual Insurance ("Nationwide") and J.P. Morgan Chase & Co. ("J.P. Morgan") (collectively "Defendants"), purporting to assert a class action against Defendants for alleged violations of the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 *et seq*. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) The Motion is **GRANTED**. Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid. This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for

failure to state a claim on which relief may be granted.

I.

According to the Complaint, Plaintiff seeks to bring this action "on behalf of himself and a nationwide class of similarly situated people defined as all American Citizens in America and overseas who are current users of [Defendants'] services and/or products." (Compl. 1, ECF No. 1-1.) Plaintiff alleges that Defendants have "divulged information or other records pertaining to class members" in violation of 18 U.S.C. § 2702. (*Id*. at 2.) He further alleges that Defendant Nationwide issued a "bad check" in connection with a claim he filed for damage to his vehicle and that Defendant J.P. Morgan refused to cash the check, instead "fraudulently converting [his] money . . . ." (*Id.* at 3–4.) In terms of relief, Plaintiff seeks $100 million in compensatory damages and $1 billion in punitive damages on behalf of himself and other individuals who he alleges are similarly situated.

II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

---

[1] Formerly 28 U.S.C. § 1915(d).

    \*  \*  \*

  (B) the action or appeal--

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

  To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Rule 8(a) provides as follows:

  (a) Claim for Relief. A pleading that states a claim for relief must contain:

    (1) *a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support*;

    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added).  "Where there is no basis for federal jurisdiction apparent on the face of the complaint a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B) and Fed.R.Civ.P. 12(h)(3)." *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at \*2 n.1 (S.D. Ohio Mar. 9, 2010)

(citing *Carlock v. Williams*, No. 98-5545, 1999 WL 454880, at *2 (6th Cir. June 22, 1999)); *accord* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont County Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 555).

### III.

Plaintiff has failed to allege a plausible claim against Defendants for violation of the Section 2702 of the SCA. The SCA, which is part of Title II of the Electronic Communications Privacy Act, "generally prohibits a person or entity providing an electronic communication service to the public or providing a remote computing service from knowingly disclosing the

4

contents of a communication." *Burns v. Heyns*, No. 1:14-cv-733., 2015 WL 4391983, at *18 (W.D. Mich. July 15, 2015) (internal quotation marks and citations omitted).  Plaintiff's allegations relating to the issuance and rejection of a "bad check" provide no basis upon which the Court could infer that Defendants improperly disclosed his information in violation of § 2702.  Because Plaintiff's Complaint contains no factual basis supporting his conclusory allegations that Defendants violated § 2702, it is **RECOMMENDED** that the Court dismiss his Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Undersigned also notes that because Plaintiff is a non-attorney proceeding *pro se*, he cannot adequately represent a class.  *See Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004) ("[N]on-attorneys proceeding *pro se* cannot adequately represent a class."); *see also Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("[P]*ro se* prisoners are not able to represent fairly the class.").  "This is because the competence of a layman is clearly too limited to allow him to risk the rights of others."  *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted))

**IT IS SO ORDERED.**

Date: January 10, 2017                                              /s/ *Elizabeth A. Preston Deavers*
                                                                                   ELIZABETH A. PRESTON DEAVERS
                                                                                   UNITED STATES MAGISTRATE JUDGE